Exaheim ESTIMORT, Petitioner,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, By its DISTRICT DIRECTOR OF the NEW YORK DISTRICT, Alberto R. Gonzales, Attorney General of the United States of America, Respondents.

No. 06–0222–ag.

United States Court of Appeals, Second Circuit.

Oct. 27, 2006.

---

Nicholas J. Mundy, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States Attorney, Boston, Massachusetts, for Respondents.

PRESENT: Hon. WALKER, and Hon. JOSÉ A. CABRANES, Circuit Judges.[1]

---

## SUMMARY ORDER

Exaheim Estimort, a native and citizen of Haiti, seeks review, through counsel, of a December 20, 2005 order of the BIA affirming, in part, the August 11, 2004 decision of the Immigration Judge ("IJ") Phillip Morace pretermitting petitioner's asylum claim and denying petitioner's claims for withholding of removal and CAT relief. *In re Exaheim Estimort,* No. A 77 922 091 (B.I.A. Dec. 20, 2005), *aff'g* No. A 77 922 091 (Immig. Ct. N.Y. City Aug. 11, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). As a preliminary matter, we do not address petitioner's claims for withholding of removal and CAT relief because they were waived before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (noting that issues not argued in briefs are considered waived and will not normally be addressed on appeal).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims

and "questions of law." 8 U.S.C. § 1252(a)(2)(D). *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006). Petitioner argues that his due process rights were violated when the IJ barred adjudication of his asylum application due to his untimely filing in spite of the fact that he was not informed of the immigration court which had jurisdiction over his removal proceedings until after the filing deadline had passed. However, in support of this argument, petitioner alleges to this Court that he never appeared before an IJ in Miami; that he did not receive a notice to appear until March 2003; that he filed his asylum application with the United States Citizenship and Immigration Services, as opposed to an IJ; and that he was never given oral notification in his native language regarding the one-year filing deadline for asylum applications. These are unresolved factual issues for which the record offers both supporting and contradictory evidence. Because petitioner failed to put the BIA on notice of these issues, we cannot resolve them now. *See Beharry v. Ashcroft,* 329 F.3d 51, 62 (2d Cir.2003); *cf. U.S. v. Perez,* 330 F.3d 97, 101 n. 2 (2d Cir.2003). Because petitioner has raised no other constitutional claims or questions of law, we are presented with no viable exceptions to the bar to judicial review of timeliness decisions. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen,* 434 F.3d at 153–54. Therefore, we must dismiss petitioner's asylum claim for lack of jurisdiction.

For the foregoing reasons, the petition for review is DENIED, in part, as to petitioner's claims for withholding of removal and CAT relief as well as his due process claim, and DISMISSED, in part, as to petitioner's asylum claim. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).